# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VINCENT E. BOYD,

        Petitioner,

v.

WARDEN SCOTT ECKSTEIN,

        Respondent.

Case No. 18-CV-275-JPS

**ORDER**

  On February 22, 2018, Petitioner Vincent E. Boyd ("Boyd") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

On the eve of trial, during the final pretrial conference, Boyd fired his lawyer—the fourth that had been appointed for him—and was permitted to proceed *pro se*. However, the trial court appointed that same lawyer to serve as Boyd's standby counsel. The court refused Boyd's request to continue the trial date and instructed him that he was "get no latitude" in cross-examining the state's witnesses in light of his *pro se* status.

The next day, prior to the start of trial, Boyd pled no-contest to two counts of first degree sexual assault of a child in Winnebago County Circuit Court Case No. 10CF344. Prior to sentencing, Boyd filed a *pro se* motion to withdraw the pleas, alleging he was pressured by the trial court's refusal to adjourn the trial. The court then appointed a different attorney to represent Boyd, who filed a second motion to withdraw the pleas, arguing that the court had erred in failing to hold a colloquy pursuant to *State v. Klessig*, 564 N.W.2d 716 (Wis. 1997), to confirm that Boyd knowingly, intelligently, and voluntarily waived his right to the assistance of counsel.

The trial court denied both motions. On June 15, 2012, Boyd was sentenced to thirty years' initial confinement to be followed by twenty years of extended supervision. He filed a notice of intent to pursue post-conviction relief four days later, on June 19, 2012.

In his first appeal, the Wisconsin Court of Appeals found that the trial judge had indeed erred in failing to hold the colloquy required by *Klessig*. Although Boyd thought this was a sufficient reason for him to withdraw the pleas he entered, the court disagreed. Instead, the appellate court remanded to allow the trial court to hold the mandated colloquy. On

remand, the trial judge held an evidentiary hearing and found the *Klessig* standard satisfied.

Boyd appealed again on April 14, 2014. This time, he argued that he was entitled to withdraw his pleas because: (1) his right to self-representation was violated in several ways, including (a) by the appointment of standby counsel and the trial court's failure to fully explain standby counsel's role, (b) when standby counsel negotiated Boyd's plea with the district attorney, and (c) in the manner in which standby counsel interacted with the court during the plea colloquy, including describing the contents of the plea agreement and expressing an opinion that Boyd was entering the pleas knowingly, intelligently, and voluntarily; (2) he did not validly waive his right to counsel because his choice was not voluntary and deliberate but was instead premised upon pressure from his lack of preparedness for trial and the trial court's refusal to continue the trial date; (3) he was not competent to proceed without counsel; and (4) the totality of the circumstances indicated that it would be fair and just to allow him to withdraw his pleas. None of these arguments convinced the Wisconsin Court of Appeals, which affirmed his conviction on February 26, 2015. The Wisconsin Supreme Court declined to exercise its discretionary review on June 12, 2015.

On March 16, 2016, Boyd filed a motion seeking post-conviction relief, again on the basis that he should be allowed to withdraw his no-contest pleas. His legal theory in this motion was that he was provided ineffective assistance of both trial and post-conviction counsel. Boyd believed that trial counsel should have pursued additional grounds for plea withdrawal, including that he was pressured by the trial court's comment that he would receive "no latitude" when cross-examining

witnesses at trial, and that counsel was ineffective for failing to procure all relevant transcripts. He accused his post-conviction counsel of being ineffective for failing to raise these deficiencies in trial counsel's performance. The trial court denied the motion, and the Wisconsin Court of Appeals affirmed in an order dated August 23, 2017. The Wisconsin Supreme Court denied Boyd's petition for review on December 12, 2017.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is timely. By the Court's calculation, although the gap between Boyd's second appeal and his post-conviction motion was lengthy, that span, plus the time that elapsed between the Wisconsin Supreme Court's December 12, 2017 order and the filing of this petition on February 22, 2018, amounts to 345 days, which is just inside the one-year limitations period. Thus, the Court cannot say at this early stage that the petition is plainly barred by the statute of limitations.

Next, the Court analyzes whether Boyd fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available

in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Boyd appears to have exhausted his remedies as to each of the two claims he raises in his petition. First, he asserts that his plea was not knowing, intelligent, and voluntary "because of the events relating to standby counsel—including negotiating [the] plea agreement, signing [the] plea questionnaire, and opining that [the] plea was voluntary—violated Boyd's right to self-representation. (Docket #1 at 6–7). Second, Boyd contends that his plea was not knowing, intelligent, and voluntary "because it was induced, in party, by the court's pre-trial ruling that Boyd would 'get no latitude' during his cross-examination of the state's witnesses at the trial the next day." *Id.* at 7–8. As the Court's description of Boyd's appeals and post-conviction proceedings makes clear, each of these claims was presented for review at each level of the Wisconsin state courts. Thus, for screening purposes, it appears he has exhausted his state court remedies.

The Court will now analyze whether Boyd has procedurally defaulted on either of these claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that

claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss Boyd's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Boyd's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Boyd's claims, it does not plainly appear that they are frivolous.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should

be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the petitioner is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents submitted to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge